F07-3267 jbh

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2006-W2 Under the Pooling and Servicing Agreement Dated as of February 1, 2006, Without Recourse | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.:  07-2145<br>) |
| Plaintiff | )<br>) |
| v. | ) JUDGE: Solomon Oliver, Jr.<br>)<br>) **JUDGMENT ENTRY AND**<br>) **DECREE OF FORECLOSURE** |
| Mehedi Hassan, et al. | )<br>) |
| Defendants | ) |

UNITED STATES DISTRICT JUDGE SOLOMON OLIVER, JR

This matter is before the Court on Plaintiff's Complaint and Motion for Default Judgment.  The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio, and known as being the Northerly 4 feet of Sublot No. 18 and the southerly 32 feet of Sublot No. 19 in The Boyer Construction Company's Broadview Subdivision of part of Original Brooklyn Township Lots Nos. 63 and 64, as shown by the recorded plat in Volume 35 of Maps, Page 14 of Cuyahoga County Records, together forming a parcel a parcel of land 36 feet front on the westerly side of West 23rd Street, and extending back of equal width 105 feet, as appears by said plat, be the same more or less, subject to all legal highways.
> Premises commonly known as: 4196 W. 23rd Street, Cleveland, Ohio  44109

The Clerk's Entry of Default is properly reflected on the Pacer docket.  In response to the Motion for Default Judgment, the Court finds that Mehedi Hassan and Jane Doe, Real Name Unknown, the Unknown Spouse, if any, of Mehedi Hassan have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading.  As a result, with respect to such defendants, the Court hereby grants Plaintiff's

Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Mehedi Hassan executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that Plaintiff is the holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Mehedi Hassan executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made.  The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court finds that there is due on the Note principal in the amount of $103,453.85, plus interest at the rate of 8.4% per annum from February 1, 2007.  The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, Property Preservation, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Mehedi Hassan.

The Court finds that the Mortgage was recorded with the Cuyahoga County Recorder and is a valid and subsisting first mortgage on the Property.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the property shall be foreclosed and the property shall be sold free of the interests of all parties to this action.  In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution in accordance with the provisions of Amended General Order 2006-16, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts, directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:**  12/28/2007

/s/SOLOMON OLIVER, JR.
_____
Judge Solomon Oliver, Jr
UNITED STATES DISTRICT JUDGE

Approved:

*/s/ C. Scott Casterline*
C. Scott Casterline (0073990)
CARLISLE, McNELLIE, RINI,
KRAMER & ULRICH CO., L.P.A.
24755 Chagrin Blvd., Ste. 200
Cleveland, OH  44122
Ph: 216/360-7200
Fax: 216/360-7210
scasterline@carlisle-law.com
Attorney for Plaintiff